<u>Not for publication</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

```
-----------------------------------
                                   :
   DANIELLE CARASTRO,              :
                                   :
          Plaintiff,               :   CIVIL NO. 06-1162(NLH)
                                   :
   v.                              :
                                   :        OPINION
   COMMISSIONER OF                 :
   SOCIAL SECURITY,                :
                                   :
          Defendant.               :
                                   :
-----------------------------------
```

**APPEARANCES:**

Richard L. Group, Esquire
Bross & Group, P.A.
102 Browning Lane, Building C-1
Cherry Hill, New Jersey 08003

    Attorney for Plaintiff

Christopher J. Christie
United States Attorney
    By:  Tomasina DiGrigoli, Esquire
        Special Assistant United States Attorney
Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

    Attorney for Defendant

**HILLMAN**, District Judge

    This matter comes before the Court pursuant to Section

205(g) of the Social Security Act, as amended, 42 U.S.C. §

405(g), to review the final decision of the Commissioner of

the Social Security Administration, denying the application of Plaintiff for Disability Insurance Benefits and Supplemental Security Income ("Social Security benefits") under Title II and Title XVI of the Social Security Act. 42 U.S.C. § 401, et seq. The issue before the Court is whether the Administrative Law Judge ("ALJ") erred in finding that there was "substantial evidence" that Plaintiff was not disabled at any time since her alleged onset date of disability, September 25, 2002. For the reasons stated below, this Court will affirm that decision.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Danielle Carastro, had been employed in various positions before September 25, 2002, at which time Plaintiff claims that she could no longer work due to her severe chronic migraines. Plaintiff applied for Social Security benefits, and after a hearing before an ALJ, it was determined that Plaintiff was not disabled. Plaintiff appealed the decision, and the Appeals Council denied Plaintiff's request for review. Plaintiff now seeks this Court's review.

## II.   DISCUSSION

### A.    Standard of Review

Under 42 U.S.C. § 405(g), Congress provided for

2

judicial review of the Commissioner's decision to deny a complainant's application for Disability Insurance Benefits. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995).  A reviewing court must uphold the Commissioner's factual decisions where they are supported by "substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).  Substantial evidence means more than "a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  The inquiry is not whether the reviewing court would have made the same determination, but whether the  Commissioner's conclusion was reasonable.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A reviewing court has a duty to review the evidence in its totality.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  "[A] court must 'take into account whatever in the record fairly detracts from its weight.'" Schonewolf v. Callahan, 972 F. Supp. 277, 284 (D.N.J. 1997) (quoting Willbanks v. Secretary of Health & Human Servs., 847 F.2d

301, 303 (6th Cir. 1988) (quoting <u>Universal Camera Corp. V. NLRB</u>, 340 U.S. 474, 488 (1951)).

The Commissioner "must adequately explain in the record his reasons for rejecting or discrediting competent evidence." <u>Ogden v. Bowen</u>, 677 F. Supp 273, 278 (M.D. Pa. 1987) (citing <u>Brewster v. Heckler</u>, 786 F.2d 581 (3d Cir. 1986)).  The Third Circuit has held that an "ALJ must review all pertinent medical evidence and explain his conciliations and rejections." <u>Burnett v. Comm'r of Soc. Sec. Admin.</u>, 220 F.3d 112, 122 (3d Cir. 2000).  Similarly, an ALJ must also consider and weigh all of the non-medical evidence before him.  <u>Id</u>. (citing <u>Van Horn v. Schweiker</u>, 717 F.2d 871, 873 (3d Cir. 1983)); <u>Cotter v. Harris</u>, 642 F.2d 700, 707 (3d Cir. 1981).

The Third Circuit has held that access to the Commissioner's reasoning is indeed essential to a meaningful court review:

> Unless the [Commissioner] has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).
Although an ALJ, as the fact finder, must consider and
evaluate the medical evidence presented, Fargnoli, 247 F.3d
at 42, "[t]here is no requirement that the ALJ discuss in
its opinion every tidbit of evidence included in the
record," Hur v. Barnhart, 94 Fed. Appx. 130, 133 (3d Cir.
2004).  In terms of judicial review, a district court is not
"empowered to weigh the evidence or substitute its
conclusions for those of the fact-finder." Williams, 970
F.2d at 1182.  Moreover, apart from the substantial evidence
inquiry, a reviewing court is entitled to satisfy itself
that the Commissioner arrived at his decision by application
of the proper legal standards.  Sykes, 228 F.3d at 262;
Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983);
Curtin v. Harris, 508 F. Supp. 791, 793 (D.N.J. 1981).

    **B.   Standard for Disability Insurance Benefits**

    The Social Security Act defines "disability" for
purposes of an entitlement to a period of disability and
disability insurance benefits as the inability to engage in
any substantial gainful activity by reason of any medically
determinable physical and/or mental impairment which can be
expected to result in death, or which has lasted or can be
expected to last for a continuous period of not less than 12

months.  See 42 U.S.C. § 1382c(a)(3)(A).  Under this definition, a plaintiff qualifies as disabled only if his physical or mental impairments are of such severity that he is not only unable to perform his past relevant work, but cannot, given his age, education, and work experience, engage in any other type of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.  42 U.S.C. § 1382c(a)(3)(B)(emphasis added).

The Commissioner has promulgated regulations for determining disability that require application of a five-step sequential analysis.  See 20 C.F.R. § 404.1520.  This five-step process is summarized as follows:

1.    If the claimant currently is engaged in substantial gainful employment, he will be found "not disabled."

2.    If the claimant does not suffer from a "severe impairment," he will be found "not disabled."

3.    If the severe impairment meets or equals a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and has lasted or is expected to last for a continuous period of at least twelve months, the claimant will be found "disabled."

4.    If the claimant can still perform work he has done in the past ("past relevant work") despite the

6

severe impairment, he will be found "not disabled."

5.     Finally, the Commissioner will consider the claimant's ability to perform work ("residual functional capacity"), age, education, and past work experience to determine whether or not he is capable of performing other work which exists in the national economy.  If he is incapable, he will be found "disabled."  If he is capable, he will be found "not disabled."

20 C.F.R. § 404.1520(b)-(f).  Entitlement to benefits is therefore dependent upon a finding that the claimant is incapable of performing work in the national economy.

     This five-step process involves a shifting burden of proof.  See Wallace v. Secretary of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  In the first four steps of the analysis, the burden is on the claimant to prove every element of his claim by a preponderance of the evidence.  See id.  In the final step, the Commissioner bears the burden of proving that work is available for the plaintiff: "Once a claimant has proved that he is unable to perform his former job, the burden shifts to the Commissioner to prove that there is some other kind of substantial gainful employment he is able to perform." Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987); see Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983).

### C.   Analysis

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (Step One), and that her impairments of migraine headaches and depression were severe (Step Two).  The ALJ found Plaintiff not disabled, however, because Plaintiff's impairments do not meet the medical equivalence criteria (Step Three), and she is capable of performing past relevant work (Step Four).

Plaintiff presents two main arguments for review: (1) whether the ALJ's decision that Plaintiff was not disabled was supported by substantial evidence, and (2) whether the ALJ erred by failing to find that Plaintiff's migraine headaches equaled Listing 11.03 at Step Three.

### 1. Whether the ALJ's determination that Plaintiff is not disabled was supported by substantial evidence

Plaintiff raises four issues with regard to the ALJ's consideration of Plaintiff's evidence to support her application for disability benefits for her migraine headaches.  First, Plaintiff argues that an internal agency memo governs the ALJ's analysis.  Second, Plaintiff argues that the ALJ failed to properly consider the medical evidence.  Third, Plaintiff contends that the ALJ did not

properly consider the testimony of Plaintiff's witnesses and
did not properly consider Plaintiff's credibility.  Finally,
Plaintiff argues that the ALJ did not properly determine her
residual functional capacity.

    a.   *Internal agency memo*

Plaintiff contends that the Social Security
Administration's policy with respect to the evaluation of
migraine headaches is set forth in an internal agency
memorandum dated April 26, 1990 (the "memo") (see R. at 189-
96), and the ALJ failed to properly afford it sufficient
weight.  Defendant argues that the Court should not consider
the memo because it was not before the ALJ for consideration
at the hearing.

Evidence that was not before an ALJ for consideration
cannot be used to argue that the ALJ's decision was not
supported by substantial evidence.  Matthews v. Apfel, 239
F.3d 589, 592 (3d Cir. 2001).  Only evidence that is new and
material may be considered, and only if a claimant has shown
good cause for not having incorporated the new evidence into
the original administrative record.  Id.  Here, Plaintiff
maintains that she submitted the memo to the ALJ at the
hearing, but it was inexplicably not included in the

administrative record.[1]  (Pl. Reply Br. at 1.)  Regardless
of whether the memo was before the ALJ, however, Plaintiff
argues it is not "evidence," but rather an agency directive
that the ALJ must follow, and, thus, the Court does not need
to undertake the Matthews analysis. (Id. at 2.)

    The memo was drafted on January 11, 1990 by the Office
of Disability for the Kansas City region, and was provided
in response to a regional commissioner's request for
guidance on the evaluation of migraine headaches in the
context of a particular claimant.  (R. at 190.)  On February
12, 1991, the director of the New York office forwarded the
memo to her division, with the direction that "[w]hen a
migraine occurs once a week in spite of 3 months of
prescribed treatment, it should potentially be considered as
an impairment equivalent to that described in listing 11.03.
When migraine occurs less than once a month, but frequently
enough to be considered a severe impairment, evaluation
would be in accordance with the policy for evaluation
symptoms including pain."  (R. at 189.)

    Under either theory--that the memo is evidence, or that

---

[1] The record indicates that Plaintiff submitted the memo
to the Appeals Council after the hearing decision, and the
Council added the memo to the record January 18, 2006.  (R.
at 7.)

the memo is a binding administrative directive--Plaintiff's reliance on the memo is unavailing.  With regard to Plaintiff's contention that this type of memo is binding on an ALJ, Plaintiff has not cited any authority supporting her argument, and she has not provided any evidence that the memo's suggestions were ever incorporated into any official regulation or ruling.[2]  Further, Plaintiff has not cited to any evidence indicating that ALJs in the New Jersey division are even aware of this 1990/1991 memo that was distributed only to the Kansas and New York offices.

---

[2]In cases involving other governmental agencies' internal memoranda, courts have held that they are not binding on the agency.  See Prokopenko v. Ashcroft, 372 F.3d 941, 944 (8th Cir. 2004) (holding that an internal agency memorandum did not bind the INS); City of Galveston v. U.S., 33 Fed. Cl. 685, 707  (Fed. Cl. 1995) (holding that "RRB letter rulings, private IRS rulings, and IRS general counsel memoranda . . . are not binding precedent"); Multnomah Legal Services Workers Union v. Legal Services Corp., 936 F.2d 1547, 1554-55 (9th Cir. 1991) (holding that "[a]n agency policy that can only be unearthed by discovery of the agency's internal workings cannot be a policy that was disseminated to the public," and that internal memoranda do not constitute a legally binding interpretation of an Act because they were "not issued pursuant to a congressional delegation of rule-making authority, were never published in the Federal Register or in any other medium aimed at non-[agency] personnel, and hence are merely interpretive rules"); Romeiro de Silva v. Smith, 773 F.2d 1021, 1024 (9th Cir. 1985) (holding that INS operating instructions are internal directives which do not have the force of law); see also Schweiker v. Hansen, 450 U.S. 785, 789-790 (1981) (holding that an SSA internal manual not did not have any legal force and did not bind the SSA).

With regard to the substance of the Kansas memo, it was drafted fifteen years prior to the ALJ's decision in this case, it pertained to a different claimant who lived in a different state, and discussed facts unique to that claimant.  With regard to the New York memo, it simply extrapolated from the situation in Kansas advice to guide decisions in New York if faced with similar situations.  Consequently, the ALJ did not err when he did not consider the internal agency memo.

### b.   *Plaintiff's medical evidence*

Plaintiff next argues that the ALJ did not adequately consider her medical evidence.  As a primary matter, simply because a physician is not named, or every medical record is not specifically referenced in an ALJ's decision, it does not mean that the ALJ did not consider the evidence.  Hur, 94 Fed. Appx. at 133 ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").  Even with this consideration in mind, however, it must be determined whether the medical evidence the ALJ did reference supports his finding that Plaintiff was not disabled.

### 1.   Dr. Cooke

Plaintiff argues that specific treatment notes by Dr.

Cooke, Plaintiff's current primary care physician, were not adequately considered and were entitled to controlling weight.  First, even though the ALJ did not specifically reference Dr. Cooke by name or her treatment notes specifically, the ALJ noted Plaintiff's medical history, continuing severe migraine headaches and depression, specific prescriptions, frequency and duration of migraines, sensitivity to light and sound, and pain that prevents her from working.  (See R. at 19-20.)  All of these findings, as summarized by the ALJ, are contained in Dr. Cooke's treatment records.  (R. at 148-53, 199-203.)[3]

Second, contrary to Plaintiff's argument, Dr. Cooke is not entitled to controlling weight as a treating physician. Social Security regulations provide that a treating physician will be afforded controlling weight as to the nature and severity of a claimant's impairment, but only if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not

---

[3]Dr. Cooke's Examination Reports from November 21, 2005 and July 11, 2005 were completed after the hearing before the ALJ.  They cannot be considered as a basis for remand pursuant to 42 U.S.C. § 405(g) because they are not "new" and "material."  These records merely reaffirm the physician's previous opinions with regard to Plaintiff's migraine headaches, depression, and inability to work.  See Matthews, 239 F.3d at 592 (discussion evidence which is new, material, and submitted with good cause).

inconsistent with other substantial evidence of record.  See 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p.  The Commissioner retains the responsibility for determining certain issues, however, such as residual functional capacity, whether an impairment meets the Listing of Impairments, and whether an individual meets the statutory definition of disability.  See 20 C.F.R. §§ 404.1527(e)(1)-(2), 416.927(e)(1)-(2).

Here, Dr. Cooke's treatment notes consist of Plaintiff's reported migraine headaches, an opinion regarding depression, and various prescriptions.  Dr. Cooke's opinions on the nature and severity of Plaintiff's migraine headaches are based on Plaintiff's complaints as she reported them to Dr. Cooke, and they are not based on medically acceptable clinical and laboratory diagnostic techniques.  Further, Dr. Cooke's subjective medical opinions are also inconsistent with Plaintiff's own testimony regarding her daily household activities (see R. at 20-21, 36-37), as well as the exertional and non-exertional limitations as stated by consultive physicians Dr. Khona and Dr. Moore after their examinations of Plaintiff February 22, 2005.  Finally, the administrative finding that Plaintiff is "disabled" or "unable to work" is

reserved to the Commissioner, not Plaintiff's treating physician.  See id. § 404.1527(e)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").  Consequently, the ALJ properly considered Dr. Cooke's medical evidence.

### 2.   Dr. Alberici and Dr. Rampal

Plaintiff also contends that the ALJ only briefly noted and did not adequately consider the treatment notes of Dr. Alberici, Plaintiff's former primary care physician at Community Health Care who treated her four times in 2003, and Dr. Rampal, a neurologist who saw Plaintiff twice in 2003.  Plaintiff's arguments regarding both physicians are unpersuasive.

With regard to Dr. Alberici, even though the ALJ did not mention Dr. Alberici's name or reference all four of Plaintiff's office visits, the ALJ summarized what Dr. Alberici's treatment notes contained from her four visits. (See R. at 19.)  The ALJ considered that Dr. Alberici noted that Plaintiff reported to him that she had experienced migraine headaches since age seventeen, with sensitivity to light and noise, and that a particular drug provided her with only minimal relief, but that a CT scan of Plaintiff's

brain was negative.  (Id.)

With regard to Dr. Rampal, the ALJ referenced the doctor by name, as well as specifically referred to his treatment of Plaintiff.  (See id.)  Again, the ALJ recognized that Dr. Rampal noted what Plaintiff related to him about her migraines, but also noted that Plaintiff received relief from her migraines within two hours of taking the medication Zomig, but that she discontinued use of the medication because of dry sinuses.  (Id.)

Consequently, Plaintiff's argument that the ALJ did not adequately consider the medical evidence of these two doctors is also without merit.

### c.   *Determination of credibility*

Plaintiff next argues that the ALJ did not properly assess the credibility of Plaintiff's own testimony and the oral and written testimony of her witnesses with regard to her subjective complaints of pain in accordance with SSR 96-7p.  Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. § 404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible as long as he explains why he is rejecting the testimony.  Schaudeck v. Comm'r of Social Security, 181 F.3d 429, 433 (3d Cir. 1999);

16

SSR 96-7p.  The explanation of SSR 96-7p provides,

> No symptom or combination of symptoms can be the
> basis for a finding of disability, no matter how
> genuine the individual's complaints may appear to
> be, unless there are medical signs and laboratory
> findings demonstrating the existence of a
> medically determinable physical or mental
> impairment(s) that could reasonably be expected to
> produce the symptoms.
>
> . . .
>
> In determining the credibility of the individual's
> statements, the adjudicator must consider the
> entire case record, including the objective
> medical evidence, the individual's own statements
> about symptoms, statements and other information
> provided by treating or examining physicians or
> psychologists and other persons about the symptoms
> and how they affect the individual, and any other
> relevant evidence in the case record.

SSR 96-7p.

Here, the ALJ did not find Plaintiff's subjective

complaints or the subjective testimony of her witnesses to

be persuasive or consistent with medical evidence.  With

regard to her subjective complaints, the ALJ did not find

them to be consistent with her activities and lifestyle,

which included caring for her young children, driving them

to school, cleaning the house, preparing meals, doing

laundry, shopping, and attending religious classes as often

as twice a week.  (R. at 20-21, 36-37.)

The ALJ also noted the following medical findings: 1) a

CT scan of Plaintiff's brain was negative (R. at 20); 2) the medication prescribed by Dr. Rampal relieved Plaintiff's headaches within two hours, but Plaintiff did not want to continue on the medication because of dry sinuses (id.); 3) Plaintiff complained of depression, but she never sought treatment (R. at 50); 4) Dr. Moore, a state consultant, found that any psychiatric problems were not significant enough to interfere with her ability to function on a daily basis (R. at 20); 5) she had no limitations on her ability to stand, sit, walk, lift, or carry, among other capabilities (R. at 20-21.); and 6) she was able to make judgments, interact with the public or coworkers and follow directions (id.).

Based on these observations and consideration of the record as a whole, the ALJ found that "[a]fter carefully considering the criteria as outlined in SSR 96-7p, we find that the claimant's reported restrictions are not fully persuasive, when considered with the totality of the medical evidence of record."  (R. at 20.)

Plaintiff argues, however, that the ALJ did not consider the testimony of Beverly Carastro, Plaintiff's mother, and the written statements of Lori Ann Zorzi, Plaintiff's sister, Marcella Cruel, Plaintiff's friend of

five years, and Hazel Rodriguez, Plaintiff's former supervisor and job coach, in making his SSR 96-7p determination.  Plaintiff's argument is unpersuasive.

First, the testimony of Plaintiff's mother was considered by the ALJ because even though he did not reference her testimony specifically in his opinion, what she testified about was the same as what Plaintiff had already related regarding the severity and frequency of her migraine headaches.  (R. at 20, 44-46.)  Second, the written statements simply reiterate Plaintiff's own complaints about her migraines, and they do not demonstrate any independent objective evidence to support her claims.  Thus, when compared to the other evidence, the ALJ complied with SSR 96-7p when he determined that Plaintiff's reported restrictions were not consistent with the objective medical evidence, her daily routine, and regular activities.

### d.   *Residual functional capacity*

At Step Two of the sequential step analysis, the ALJ found Plaintiff to have a severe condition, but at Step Four, the ALJ found that Plaintiff could still perform work she had done in the past ("past relevant work") despite the severe impairment.  Plaintiff contends that the ALJ's determination that Plaintiff was capable of past relevant

work was erroneous because the ALJ determined that Plaintiff had an essentially unrestricted residual functional capacity (RFC), which contradicts his finding that she suffered from a severe impairment.

Plaintiff's argument is unpersuasive.  Plaintiff's past relevant work included seven positions: an office manager, executive secretary, change person, glass store clerk, convenience store clerk, cashier, and childcare provider. (R. at 21.)  Based on the testimony of a vocational expert, as well as consideration of the medical and other evidence described above, the ALJ found that "the preponderance of the reports from the treating and examining physicians provide persuasive evidence that the claimant's impairments do not impose such severe limitations on her functional capacity as to preclude the performance of all work activity," (R. at 21), and determined that Plaintiff was capable of performing her past relevant work in only four positions: a change person, a glass store clerk, a cashier, and a childcare provider.  By finding that Plaintiff was unable to perform some of her past work, the ALJ recognized her medical condition and periods of diminished abilities, and, correspondingly, determined that her residual functional capacity was restricted to a certain extent.

Thus, contrary to Plaintiff's contention, the ALJ did not
hold that Plaintiff's RFC was unrestricted.

### 2. Whether the ALJ erred by failing to find that Plaintiff's migraine headaches equaled Listing 11.03

Plaintiff claims that the ALJ failed to find at Step
Three that Plaintiff was disabled due to her migraines.  At
Step Three in the sequential step analysis, in order for a
claimant to be found disabled, an ALJ has to determine
whether a claimant's severe impairment meets or equals a
listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix
1, and has lasted or is expected to last for a continuous
period of at least twelve months.  20 C.F.R. § 404.1520(d).
Plaintiff argues that based on the internal Social Security
Administration memo, migraine headaches are considered a
listed impairment under Listing 11.03, and because she has
had migraines continuously for at least twelve months, she
should have been considered disabled.

Plaintiff's argument that she has a listed impairment
fails for two reasons.  First, the plain language of Listing
11.03 does not include or contemplate migraines.  Listing
11.00 concerns neurological impairments, and Listing 11.03
specifically concerns "Epilepsy - nonconvulsive epilepsy
(petit mal, psychomotor, or focal), documented by detailed

description of a typical seizure pattern including all associated phenomena, occurring more frequently than once weekly in spite of at least 3 months of prescribed treatment. With alteration of awareness or loss of consciousness and transient postictal manifestations of unconventional behavior or significant interference with activity during the day."  20 C.F.R. Part 404, Subpart P, App.1, § 11.03.

Second, as discussed above, the memo is not binding on the Social Security Administration, and therefore cannot supplement or contradict the plain language of 11.03. Further, even though the New York portion of the memo stated, "When a migraine occurs once a week in spite of 3 months of prescribed treatment, it should potentially be considered as an impairment equivalent to that described in listing 11.03" (R. at 189), the memo does not direct that any migraine sufferer automatically qualifies as having a listed impairment.  Rather, the memo suggests that a claimant who suffers from migraines may have symptoms similar enough to the conditions in Listing 11.03 so that they could bring the claimant within the contemplation of Listing 11.03.  Here, the evidence before the ALJ did not contain any medical opinion that Listing 11.03, or any other

section of the Medical Listings, was met or equaled.  Thus,
the ALJ did not err at Step Three in the sequential step
analysis.

## III. Conclusion

For the reasons expressed above, the ALJ's
determination that Plaintiff was not totally disabled is
supported by substantial evidence.  Accordingly, the
decision of the ALJ is affirmed.  An accompanying Order will
be issued.


Date: <u>June 22, 2007</u>          <u>s/ Noel L. Hillman</u>

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.